# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Nelson A.S.,

               Petitioner,

v.

Todd Blanche, et al.,

               Respondents.

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

**Civil File No. 26-02797  (MJD/DLM)**

---

Kira Aakre Kelley, Climate Defense Fund, Counsel for Petitioner.

Carl Berry, David R. Hackworthy, Assistant United States Attorneys, Counsel for Federal Respondents.

---

This matter is before the Court on Petitioner Nelson A.S.'s Petition for Writ of Habeas Corpus.  (Doc. 1.)  Petitioner claims he is being detained in violation of his constitutional and statutory right.  Respondents counter that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) pending removal.

## I.    FACTS[1]

Petitioner is a citizen of El Salvador and has resided in the Des Moines, Iowa since 2014 when he was 12-years-old and fled El Salvador with his parents.

---

[1] Undisputed facts from the Petition are deemed admitted. See Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026).

(Doc. 1 ¶ 16.)  They were encountered at the southern border upon arrival and were released into the country by Respondents.  (Id.)  Petitioner's mother filed for asylum and included Petitioner as a derivative.  (Id. ¶ 17.)  Their asylum application is currently on appeal at the Board of Immigration Appeals. (Id.) Petitioner also has a pending I-130 petition to pursue lawful permanent resident status based on his marriage to a U.S. citizen.  (Id.)  He lives with his entire family—his parents, two siblings, wife, one-year-old daughter, and four-year-old step daughter—in Des Moines.  (Id. ¶ 18.)  His wife and children are U.S. citizens.  (Id.)  Petitioner has employment authorization, a steady job at Bridgestone Tires, and has a "history of cooperative engagement with his immigration proceedings."  (Id. ¶¶ 19, 22.)

On December 19, 2025, an Immigration Judge ("IJ") in Omaha, Nebraska, ordered Petitioner, his mother, and his siblings, removed to El Salvador.  (Doc. 6-1.)  Petitioner and his family have timely appealed that order.  (Doc. 6-2.)

On February 6, 2026, Petitioner was arrested for domestic abuse and pled guilty to one charge of misdemeanor disorderly conduct on March 30.[2]  (Doc. 1 ¶

---

[2] Petitioner states that he has never engaged in physical violence towards his wife and only pled because he could not afford to go to trial.  (Doc. 8 ¶ 3(c).)

2

21; Doc. 6-3 at 2.)  Upon his release from Polk County Jail on April 2, ICE agents immediately took Petitioner into ICE custody.  (Doc. 1 ¶ 21.)  Other than this misdemeanor offense, Petitioner's criminal record consists only of traffic-related offenses: speeding, failure to pay registrations, etc.  (Id.)

Petitioner's absence from home and inability to work is causing his family severe financial hardship, especially his two children, who require frequent hospitalizations.  (Id. ¶ 20.) Petitioner is currently in ICE custody in the Freeborn County Adult Detention Center in Albert Lea, Minnesota.  (Id. ¶ 23.)

Petitioner makes other assertions that were fleshed out at the evidentiary hearing in this case.  For brevity, the Court has not included those assertions in this factual recitation.

Petitioner filed the instant Petition for Writ of Habeas Corpus on May 30, 2026, Respondents responded, and Petitioner replied.  The Court held an evidentiary hearing on June 29, 2026 at which Petitioner and Deportation Officer John Haase testified, the latter via Zoom from Des Moines.

## II.    DISCUSSION

Petitioner argues that his detention violates his substantive and procedural

due process rights under the Due Process Clause of the Fifth Amendment and his

Fourth Amendment right against unlawful seizure.

### A.    Jurisdiction

A writ of habeas corpus may be granted to a petitioner who demonstrates

he is in custody in violation of the Constitution or federal law.  28 U.S.C. §

2241(c)(3); Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (holding that the

Constitution guarantees that the writ of habeas corpus is "available to every

individual detained within the United States").  District courts have jurisdiction

to hear habeas challenges to immigration-related detention.  Zadvydas v. Davis,

533 U.S. 678, 687 (2001).

It is well established that certain constitutional protections available to

persons inside the United States are unavailable to noncitizens outside of our

geographic borders.  But once a noncitizen enters the country, the legal situation

changes, "for the Due Process Clause applies to all persons within the United

States, including [noncitizens], whether their presence is lawful, unlawful,

temporary, or permanent."  Id. at 693.  Petitioner bears the burden to prove

detention contrary to law by a preponderance of the evidence.  See Belsai D.S. v. Bondi, 810 F. Supp. 3d 1016, 1020 (D. Minn. 2025) (citations omitted).

### B.    Effect of Avila v. Bondi on Petitioner's Claims

Respondents argue that Petitioner is subject to mandatory detention pursuant to § 1225(b)(2)(A), as confirmed by the Eighth Circuit in Avila v. Bondi 170 F.4th 1128 (8th Cir. 2026). (Doc. 5 at 2, 4-5, 9.)  While Avila would preclude a statutory claim premised on § 1225, it does not foreclose constitutional or statutory claims not raised in that case such as Petitioner's arguments here.

### C.    June 29, 2026 Evidentiary Hearing

The Court held an evidentiary hearing in this case to resolve a dispute over whether Petitioner was arrested pursuant to an I-200 administrative warrant or an I-205 administrative warrant.  However, instead of making the issue more clear, the evidence produced at the hearing only muddied the waters.  For example, Petitioner's Hearing Exhibit 1, the "Assumption of Custody Notification" ("Notification"), states that "a Form I-205 Warrant of Removal/Deportation" was issued in Petitioner's name.  (Pet. Hr'g Ex. 1 at 1.) However, an I-205 is only used in cases wherein the petitioner is subject to a final order of removal.  See 8 C.F.R. § 241.2(a)(1) (defining an I-205 warrant as a

5

"warrant of removal"); Inti C.-L. v. Blanche, 26-CV-2777 (PJS-SGE) (D. Minn. June 9, 2026), Doc. 10 at 2-3 (discussing the differences between I-200 and I-205 warrants). That is not Petitioner's situation.

Moreover, the certificate of service for the Notification is dated April 2, 2026, the same date as the I-200 and certificate of service for the I-200. (Pet. Hr'g Ex. 2.) Thus, the Court is faced with evidence of two warrants in this case, if not two actual warrants. In addition, Agent Haase's testimony led the parties to argue over the veracity of the certificate of service he signed when serving the I-200 on Petitioner on April 2. (See id.)

Furthermore, Petitioner, whom the Court found to be a credible witness, testified that he never received any warrant: neither the I-205 referred to in the Notification nor the I-200. He also testified that he received the Notification when he got to the ICE detention center in Des Moines, not when he was arrested at the Polk County Jail. Respondents do not dispute that Petitioner received no documentation at the Polk County Jail, but argue that Petitioner was served the I-200 at the ICE detention center. Thus, the Court is faced with factual disputes regarding not only sufficiency of service but also what was served and when.

6

However, it is not necessary for the Court to resolve these disputes because the parties agree that a bond hearing is an appropriate remedy in this case. The Court agrees that a bond hearing before an IJ where Petitioner can argue for release on bond and Respondents can argue why Petitioner is a danger to the community or a flight risk is the salient issue in this case. Petitioner wants to return to his family and job. Respondents want to keep the community safe and to assure Petitioner's presence at future immigration hearings. A bond hearing is the way to air these issues.

## III.   ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** is **GRANTED as follows:**

1.   Respondents are ordered to provide Petitioner with a bond hearing no later than one week after the issuance of this Order.

2.   Respondents are ordered to file notice of the bond hearing directly with the Court within two (2) hours of its scheduling;[3]

---

[3] The purpose of this is to provide timely notice to Petitioner's counsel so that counsel can prepare for the bond hearing and/or find an immigration law attorney to represent Petitioner at the hearing.

3.   If a bond hearing takes place that results in Petitioner's release, Respondents are ordered to:

   a.   release Petitioner into Minnesota;

   b.   at a safe time and place communicated at least two (2) hours in advance to Petitioner's counsel; and

   c.   with all of Petitioner's personal effects in Respondents' possession, such as Petitioner's driver's license, immigration papers, passport, cell phone, keys.

4.   If a bond hearing does not take place within one week, Respondents are ordered to immediately release Petitioner from custody into Minnesota with the same conditions of release described in 3(a)-(c).

5.   Within 48 hours of the conclusion of the bond hearing or Respondents' decision to release Petitioner from custody, Respondents must file a status report with the Court detailing the results of the bond hearing or its actions related to release.

6.   If relevant, Petitioner will have seven (7) days to file a response to this status report and to ask for any appropriate remedy the Court is legally able to grant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 1, 2026                 s/Michael J. Davis
                                     Michael J. Davis
                                     United States District Court